WILLIAM MCGRANE [057761]
CHRISTOPHER D. SULLIVAN [148083]
MCGRANE GREENFIELD LLP
One Ferry Building, Suite 220
San Francisco, CA 94111
Telephone: (415) 283-1776
Facsimile: (415) 283-1777
E-mail: wmcgrane@mcgranegreenfield.com

C. BROOKS CUTTER [121407]
KERSHAW, CUTTER & RATINOFF, LLP
401 Watt Avenue
Sacramento, CA 95864
Telephone: (916) 448-9800
Facsimile: (916) 669-4499
E-mail: bcutter@kcrlegal.com

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

(SACRAMENTO DIVISION)

| | |
|---|---|
| COPIA CLAIMS, LLC, a California limited liability company, on behalf of itself and all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA INFRASTRUCTURE AND ECONOMIC DEVELOPMENT BANK, a public instrumentality of the State of California; THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., a national banking association; and ACA FINANCIAL GUARANTY CORPORATION, a Maryland corporation.<br><br>Defendants. | COMPLAINT FOR VIOLATION OF SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934 AND OF RULE 10b-5 PROMULGATED THEREUNDER<br><br>CLASS ACTION<br>JURY TRIAL DEMANDED |

Comes now Plaintiff Copia Claims, LLC (Copia Claims) and for its sole claim for relief alleges as follows:

**The Parties**

1.  Copia Claims is a California limited liability company which holds, as of the date of the filing of this complaint, 07 Bonds as that term is defined, *infra*. 07 Bonds are the subject of a claim (07 Bankruptcy Claim [Exhibit 1 hereto]) filed by BONYM and ACA (as those terms are defined, *infra*) in the bankruptcy case of *In re Copia: the American Center for Wine, Food and the Arts*, United States Bankruptcy Court for the Northern District of California, Case No. 08-12576, (Copia Bankruptcy Case, and, with respect to the Debtor and Debtor-in-Possession that is the subject of the Copia Bankruptcy Case, Debtor).

2.  At all times relevant herein defendant California Infrastructure and Economic Development Bank (I Bank) has been a public instrumentality of the State of California with its principal place of business in Sacramento, California. I Bank issued both 99 Bonds and 07 Bonds (as those terms are defined, *infra*).

3.  At all times relevant herein defendant The Bank of New York Mellon (BONYM) has been an entity with its principal place of business in New York, New York. BONYM is the current Indenture Trustee (99 Indenture Trustee) under that certain Indenture dated July 1, 1999, by and between I Bank, on the one hand, and BNY Western Trust Company (99 Indenture [Exhibit 2 hereto]), on the other hand, which 99 Indenture governed I Bank's obligations to retire certain bonds (99 Bonds) that had been issued by I Bank. BONYM is the current Indenture Trustee (07 Indenture Trustee) under that certain Indenture dated May 1, 2007, by and between I Bank, on the one hand, and BONYM (07 Indenture [Exhibit 3 hereto]), on the other hand, which 07 Indenture governs I Bank's obligations to administer certain bonds (07 Bonds) that had been issued by

1 I Bank. BONYM is also the current Escrow Agent (99 Escrow Agent) under that
2 certain Escrow Agreement dated May 1, 2007 (07 Escrow Agreement [Exhibit 4
3 hereto]) by and among Debtor, I Bank and BONYM, both in the latter's capacity
4 as 99 Indenture Trustee and 99 Escrow Agent. Unless the context otherwise
5 requires, BONYM will hereafter be identified by its specific capacity rather than
6 by its institutional name.
7         4.      At all times relevant herein defendant ACA Financial Guaranty
8 Corporation (ACA) has been an entity with its principal place of business in New
9 York, New York. ACA is licensed by the California Department of Insurance to
10 engage in the business of insurance in the state of California. Pursuant to its
11 California insurance license, ACA insures both 99 Bonds and 07 Bonds. ACA
12 was a named express third party beneficiary of 07 Escrow Agreement.

13                          **Jurisdiction and Venue**

14         5.      The claims asserted herein arise under and pursuant to Section 10(b)
15 of the Securities Exchange Act of 1934 [15 U.S.C. §77j(b)] and Rule 10b-5 [17
16 C.F.R. 240.10b-5] promulgated thereunder.
17         6.      This Court has jurisdiction over the subject matter of this action
18 pursuant to 28 U.S.C. sections 1331 and 1332(d).
19         7.      Venue is proper in this District pursuant to 28 U.S.C. section 139l(b)
20 in that the defendants transact business in this District and many of the acts giving
21 rise to the violations of federal securities law complained of herein occurred in this
22 District. Also the parties to both 99 Indenture and 07 Indenture stipulated to
23 Sacramento, California jurisdiction.
24         8.      In connection with the acts alleged herein, defendants, and each of
25 them, directly or indirectly, used the means and instrumentalities of interstate
26 commerce, including, but not limited to, the mails, interstate telephone

1  communications and the facilities of the national securities markets to sell 07
2  Bonds by means of an Official Statement (07 Bonds Prospectus [Exhibit 5 hereto])
3  filed with the Nationally Recognized Municipal Securities Information
4  Repositories on or about May 24, 2007 in connection with the issuance of 07
5  Bonds, which 07 Bonds Prospectus was prepared, reviewed and approved by
6  defendants, and each of them, in such a manner as to be intentionally and
7  materially false and misleading as is set forth in more detail, *infra*.

## Class Action Allegations

9.   This is an action against defendants on account of their joint and several violations of the anti-fraud provisions of the federal securities laws, which violations are a result of the fact that 07 Bonds Prospectus was intentionally and materially false and misleading and therefore violated Rule 10b-5.

10.  Copia Claims brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons or entities who, like Copia Claims, hold a derivative interest in 07 Bankruptcy Claim as of the date of the filing of this complaint (Proposed 07 Bonds Class).

11.  Copia Claims is informed and believes and on that basis alleges that Proposed 07 Bonds Class numbers in excess of 5000 persons and entities and is therefore so numerous that joinder of all members of Proposed 07 Bonds Class would be impracticable.

12.  Copia Claims is informed and believes, and on that basis alleges, that the size of Proposed 07 Bonds Class and the identity of its members are ascertainable from the business records of Depository Trust Company, an entity located in New York, New York.

13. Questions of law and fact common to the members of Proposed 07 Bonds Class exist that predominate over individual issues. Among the questions of law and fact common to Proposed 07 Bonds Class are: (i) whether defendants' acts as alleged were a violation of Rule 10b-5; (ii) whether affirmative statements made in 07 Bonds Prospectus misrepresented or omitted material facts about 07 Bonds; (iii) whether the members of Proposed 07 Bonds Class should be deemed to have relied on 07 Bonds Prospectus because 07 Bond Prospectus was a 'fraud which created the market'; (iv) whether the members of Proposed 07 Bonds Class have sustained compensatory damages under the federal securities laws and the proper measure of such damages. These issues predominate over any questions solely affecting individual members of Proposed 07 Bonds Class.

14. Copia Claims will fairly and adequately represent Proposed 07 Bonds Class.

15. Copia Claims has retained legal counsel who are experienced and competent in federal securities law; federal bankruptcy law; as well as the law relating to class actions.

16. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Proposed 07 Bonds Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of Proposed 07 Bonds Class to redress individually the wrongs done to them.

17. There will be no difficulty in the management of this action as a class action.

//

5
Complaint for Violation of Section 10(b) of the Securities Exchange Act of 1934
and Rule 10b-5 Promulgated Thereunder

**Defendants' Various Acts and Failures to Act in Intentionally and Materially Promulgating a False and Misleading 07 Bonds Prospectus**

18. On May 24, 2007, in connection with the issuance of 07 Bonds by I Bank otherwise described in 07 Bonds Prospectus, I-Bank received approximately $77,612,773.55 and immediately loaned such sum to Debtor. Out of this larger $77,612,773.55 sum, the lesser sum of $71,172,906.34 was delivered by Debtor—pursuant to 07 Escrow Agreement—to 99 Escrow Agent (07 Escrow Deposit).

19. 07 Escrow Deposit was transferred pursuant to a false recital (False Recital), which False Recital was known to have been false when made by both ACA as well as all of the actual signatories to 07 Escrow Agreement, to wit, Debtor, I Bank, 99 Indenture Trustee and 99 Escrow Agent.

20. The False Recital contained in 07 Escrow Agreement stated that "… ***the opinions … required by the [99] Indenture have been delivered to the [I] Bank and the [99] Trustee.***"  (***Emphasis*** added.)

21. False Recital was false because, *inter alia*, and as was contemporaneously recited by I Bank's Bonds counsel, Messers. Orrick, Herrington, & Sutcliffe LLP (Orrick), in a letter from Orrick to ACA, which letter was dated May 24, 2007, and which letter is attached hereto as Exhibit 6: ***"the written … opinion required by Section … 10.03(4) of the [99] Indenture ha[s] … not been received by the [99 Indenture] Trustee as of [May 24, 2007] …."*** (***Emphasis*** added.)

22. Orrick has now sworn that defendants, and each of them (as well as Debtor) all actually knew of the falsity of False Recital by means of a declaration Orrick had one of its most senior partners, Mr. Roger Davis, Esq. (Davis Decl. [Exhibit 7] at ¶¶13-14) filed in the Copia Bankruptcy Case on April 24, 2009.

23. In 07 Bonds Prospectus, 07 Bonds were affirmatively represented as having been issued for the express purpose of defeasance of 99 Bonds on or before September 7, 2007.

24. In fact, and because of Orrick's failure to issue, as well as its continuous unwillingness at all times relevant herein to ever issue, the written opinion required by Section 10.03(4) of the 99 Indenture, 99 Bonds have never been made the subject of any proper or legal defeasance and could never have been made the subject of any proper or legal defeasance at any time relevant herein.

25. As has been disclosed by the Debtor in its Disclosure Statement etc. filed in the Copia Bankruptcy Case on June 8, 2009 (Exhibit 8 hereto), the Debtor is attacking both the 99 Bonds and the 07 Bonds under its avoidance powers pursuant to the Bankruptcy Code. The Debtor's attack states that the 99 Bonds were originally secured by senior liens on the Debtor's real and personal property. The 07 Bonds were unsecured or were, at best, junior to the lien in favor of the 99 Bonds. However, there was never any proper or legal defeasance of 99 Bonds. As a result, the underlying obligation of the Debtor on those bonds was never extinguished; but as part of the abortive defeasance transaction, the parties executed and recorded a Reconveyance of the liens. Since the 99 Bonds were still outstanding ("not defeased") on the date that the Debtor's bankruptcy petition was filed, the 99 Bonds were secured at that time by an equitable but unrecorded lien on the Debtor's assets. In its capacity as a hypothetical bona fide purchaser, the Debtor is empowered under 11 USC § 544(a)(3) to avoid that unrecorded lien. At the same time, the Debtor is empowered under 11 USC §551 to preserve that avoided lien for the benefit of the estate, thus keeping the 07 Bonds in an essentially unsecured posture. As the result of all of the events and conduct

1  alleged above, the 07 Bonds were always vulnerable to the catastrophic loss of
2  secured status in case of Debtor's filing for bankruptcy.  That critical vulnerability
3  to the loss of secured status in bankruptcy was deliberately and intentionally not
4  disclosed anywhere in 07 Bonds Prospectus by defendants and each of them, each
5  of whom personally knew better.  This omission made 07 Bonds Prospectus
6  materially false and misleading in violation of Rule 10b-5.

## Causation

8  26.   The members of Proposed 07 Bonds Class should be deemed to have
9  relied on 07 Bonds Prospectus in that 07 Bonds Prospectus was so materially and
10 pervasively fraudulent that it constituted a 'fraud which created the market' for 07
11 Bonds, i.e., but for the 07 Bonds Prospectus, the 07 Bonds would never have been
12 underwritten by any investment bank, specifically including, but not limited to JP
13 Morgan Chase Securities, Inc., which actually underwrote 07 Bonds, and thus
14 were, in fact, entirely unmarketable, and, but for the existence of the materially
15 and pervasively fraudulent 07 Bonds Prospectus would never have reached the
16 public market for such securities.
17 27.   As a direct natural and proximate result of 07 Bonds Prospectus'
18 failure to disclose the failure of any proper or legal defeasance respecting 99
19 Bonds and 07 Bonds resulting vulnerability to loss of all security in any
20 subsequent filing for bankruptcy by Debtor, members of Proposed 07 Bonds Class
21 have all suffered damages that are compensatory under the federal securities laws
22 in an amount subject to proof at trial.

## Limitation of Actions

24 28.   Neither Copia Claims nor any other member of the Proposed 07
25 Bonds Class had notice of the above referenced violations of the federal securities
26 laws until within one year last past from the filing of this action and the date of

1 issuance of 07 Bonds was within three years last past from the date of the filing of
2 this action.

**Prayer for Relief**

1. Copia Claims prays for a judgment from this court determining that this action is a proper class action and that Proposed 07 Bond Class is a proper class under Federal Rule of Civil Procedure 23.

2. Copia Claims prays for a judgment from this court awarding Copia Claims the status of a class representative of Proposed 07 Bonds Class under Federal Rule of Civil Procedure 23.

3. Copia Claims prays for a judgment from this court awarding Copia Claims and the other members of Proposed 07 Bonds Class compensatory damages in an amount to be proven at trial, including interest thereon in an amount in excess of this court's jurisdictional minimum.

4. Copia Claims prays for a judgment from this court awarding Copia Claims and the other members of Proposed 07 Bonds Class their reasonable costs.

5. Copia Claims prays for a judgment from this court granting Copia Claims such other and further relief as to the court may seem just.

DATED: June 10, 2009         MCGRANE GREENFIELD LLP
                             KERSHAW, CUTTER & RATINOFF, LLP


                             By_____/s/_____
                                   C. Brooks Cutter
                             Attorneys for Proposed Class Action Plaintiff
                             Copia Claims, LLC