

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| COPIA CLAIMS, LLC, | ) | |
| Plaintiff, | ) | 2:09-CV-01610-GEB-DAD |
| v. | ) | ORDER |
| CALIFORNIA INFRASTRUCTURE AND ECONOMIC DEVELOPMENT BANK, THE BANK OF NEW YORK MELLON, ORRICK, HERRINGTON & SUTCLIFFE, LLP, ACA FINANCIAL GUARANTY CORPORATION, | ) | |
| Defendants. | ) | |

William George filed a motion on August 5, 2009, in which he seeks to be appointed the lead plaintiff in this putative securities class action and approval of his selection of McGrane Greenfield, LLP ("McGrane Greenfield") and Kershaw, Cutter & Ratinoff, LLP ("Kershaw, Cutter & Ratinoff") as lead counsel. Defendants ACA Financial Guaranty Corporation and The Bank of New York Mellon ("Defendants") oppose the motion, arguing that George's selection of McGrane Greenfield as lead counsel calls into question his fitness to serve as lead plaintiff under the Private Securities Litigation Reform Act

of 1995 ("PSLRA") and Rule 23(a) of the Federal Rules of Civil Procedure.

I. ANALYSIS

   Appointment of Lead Plaintiff

The PSLRA governs this putative class action and dictates the requirements for the appointment of a lead plaintiff. See 15 U.S.C. § 78u-4(a)(3). A three-step process is used for identifying the plaintiff "most capable of adequately representing the interests of class members." In re Cavanaugh, 306 F.3d 726, 729-30 (9th Cir. 2002).

"Step one" requires that no later than twenty days after the filing of a complaint falling under the PSLRA, the plaintiff must provide notice in a "widely circulated national business-oriented publication or wire service," publicizing the pendency of the action, the claims alleged and the purported class period. 15 U.S.C. § 78u-4(a)(3)(A); In re Cavanaugh, 306 F.3d at 729. The notice must invite all members of the purported class to move the court to serve as the lead plaintiff in the action. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II); In re Cavanaugh, 306 F.3d at 729.

The "second step" requires that the district court engage in two sequential inquiries. First, the court must identify the plaintiff with the largest financial interest in the relief sought by the class. In re Cavanaugh, 306 F.3d at 729-30. Second, the court must ensure that the plaintiff with the largest financial interest otherwise satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, specifically, the requirements of "typicality" and "adequacy." Id. at 730. If the plaintiff with the largest financial stake satisfies Rule 23(a)'s requirements, a presumption attaches that

2

such plaintiff is the "most adequate plaintiff" and he becomes the "presumptive lead plaintiff." In re Cavanaugh, 306 F.3d at 729-30. At this second stage, the district court may rely only on the potential lead plaintiff's complaint and sworn certification. Id. at 730.

The "third step" requires the district court provide an opportunity to other plaintiffs to rebut the presumptive lead plaintiff's showing that he satisfies Rule 23(a)'s typicality and adequacy requirements. Id. at 730. At this stage, "the process turns adversarial and other plaintiffs may present evidence that disputes the lead plaintiff's prima facie showing of typicality and adequacy." Id. at 731.

George has satisfied the requirements of steps one and three. The named plaintiff, Copia Claims, LLC ("Copia Claims"), complied with the PSLRA's notification requirements by publishing the requisite notice in PRNewswire on June 30, 2009 (Sullivan Decl., Ex. A.) Since no other plaintiffs have come forward to challenge George's motion to be appointed the lead plaintiff, the requirements of step three are satisfied. Thus, the remaining issue is whether George has satisfied the requirements for "step two."

Generally, step two requires the district court compare the financial interests of the class members vying to be the lead plaintiff. However, since George is the only class member seeking to become the lead plaintiff, George prevails on this factor. Therefore, the analysis turns to the typicality and adequacy inquiry.

Rule 23(a)'s typicality requirement ensures that the lead plaintiff's interests and incentives align with those of absent class members. See Ferrari v. Gisch, 225 F.R.D. 599 (C.D. Cal. 2004).

There is no evidence suggesting that George's claim is atypical or unrepresentative. Therefore, George has met the typicality requirement.

Rule 23(a)'s adequacy requirement ensures that the class representative will be able to "fairly and adequately protect the interests" of the class members. Fed. R. Civ. Pro. 23(a)(4). Generally, the adequacy of a lead plaintiff turns on the "qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive." In re Northern Dist. of Cal, Dalkon Shield IUD Products Liability Litigation, 693 F.2d 847 (9th Cir. 1982).

The potential lead plaintiff's selection of class counsel may be considered when assessing the potential lead plaintiff's "adequacy" under Rule 23. In re Cavanaugh, 306 F.3d at 732-33. Specifically, the In re Cavanaugh Court stated:

> The presumptive lead plaintiff's choice of counsel... may be relevant in ensuring that the plaintiff is not receiving preferential treatment through some back-door financial arrangement with counsel, or proposing to employ a lawyer with a conflict of interest.... [S]uch information is relevant only to determine whether the presumptive lead plaintiff's choice of counsel is so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on that plaintiff's willingness or ability to perform the functions of lead plaintiff.... However, the court must keep firmly in mind that the inquiry is not into the adequacy of plaintiff, and the choice of counsel is only an indicator - and a relatively weak one at that - of plaintiff's fitness.

In re Cavanaugh, 306 F.3d at 732-33.

The Defendants object to George's selection of McGrane Greenfield as class counsel, indicating that William McGrane's financial ties to Plaintiff Copia Claims disqualifies his law firm from serving as lead

counsel. William McGrane is a senior partner at McGrane Greenfield (Sullivan Decl. 3:11-16) whom Defendants argue has a relationship with Copia Claims that will enable him to benefit financially both as "a purported class member [through Copia Claims] and as a partner of the law firm serving as lead counsel" (Objections to Mot. 4:10-12.) The Defendants have raised no objections to George's selection of Kershaw, Cutter & Ratinoff.

George replies that neither William McGrane nor McGrane Greenfield has a financial stake in Copia Claims (Reply to Defs. Statement of Objections 4:21-22.) George submits William McGrane's declaration from the Copia bankruptcy proceeding (Reply to Defs. Statement of Objections, Ex. A.), in which McGrane declares that Copia Claims is a wholly-owned subsidiary of Ferry Claims, LLC ("Ferry Claims") (Reply to Defs. Statement of Objections, Ex. A 2:4-17.) McGrane also declares that Ferry Claims is owned by Robert Imhoff, Sherrill McGrane (William McGrane's wife), Rochelle Greenfield (the wife of a partner at McGrane Greenfield), Paul Locklin (William McGrane's brother-in-law) and two trusts of which Sherrill McGrane is a twenty-five percent beneficiary. Id. Thus, even though William McGrane does not hold a financial stake in Copia Claims, his wife, brother-in-law and law partners do have a financial interest in Copia Claims through their interest in Ferry Claims. This potential conflict presents a concern as to the propriety of appointing McGrane Greenfield lead counsel for the class.

The Ninth Circuit provides guidance on addressing such a concern:
> Even if a presumptive lead plaintiff has selected counsel the court believes cannot adequately represent the class, this can only serve as a basis for finding plaintiff is inadequate if the poor choice of counsel reflects some broader deficiency on his part that makes him incapable of

> representing the class. Before disqualifying a presumptive lead plaintiff on this ground, and thus rejecting the statutory preference for the plaintiff with the largest stake in the controversy, the court should, at the very least, advise the plaintiff about its doubts and ask him whether he would be willing to serve as lead, even if the court were to disapprove his choice of counsel and he were forced to seek the services of another attorney.

In re Cavanaugh, 306 F.3d at 733 n.12.

In re Cavanaugh suggests that a presumptive lead plaintiff's selection of counsel would have to be particularly egregious to disqualify the presumptive lead plaintiff. George's selection of McGrane Greenfield, despite McGrane's potential conflict of interest, has not been shown to be a deficiency in judgment sufficient to call into question George's ability to represent the class. Therefore, George's motion to be appointed the lead plaintiff is granted.

### Approval of Lead Counsel

The PSLRA directs George, as the lead plaintiff, to select and retain counsel to represent the class, subject to the court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The court may disturb the lead plaintiff's choice of counsel only if it appears necessary to protect the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

George seeks to appoint McGrane Greenfield and Kershaw, Cutter & Ratinoff as lead counsel. At the hearing held on September 14, 2009, the Defendants raised an additional objection to George's selection of McGrane Greenfield as lead counsel, arguing that the law firm is unfit to represent the class because in the Copia bankruptcy proceeding, William McGrane allegedly attacked the secured status of the 07 bonds - the securities giving rise to Copia Claims' allegations in this action. The Defendants, however, have failed to support their

6

arguments with facts or demonstrate that McGrane Greenfield would be unable to adequately represent the class. Therefore, since sufficient reason has not been provided to disturb George's choice of McGrane Greenfield, the Court approves George's selection of McGrane Greenfield and Kershaw, Cutter & Ratinoff as lead counsel for the class.

II.  CONCLUSION

For the reasons stated, George's motion to be appointed the lead plaintiff is granted and George's selection of McGrane Greenfield and Kershaw, Cutter & Ratinoff as lead counsel is approved.

Dated:  September 15, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge